UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONNA L. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:13-cv-01137-RLY-MJD |
| ) | |
| CAROLYN W. COLVIN Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff suffers from a myriad of disorders, most notably obesity, chronic asthma, allergies, fibromyalgia, depression, high blood pressure, and vocal cord dysfunction. Plaintiff previously worked at Community East Hospital in Indianapolis, Indiana, as a medical transcriptionist. She filed an application for Social Security Disability Benefits under Title II of the Social Security Act, on July 29, 2010, alleging an onset of disability of May 1, 2005. Her application was denied initially and on reconsideration. Upon Plaintiff's request, a hearing was held on December 22, 2011, before the Administrative Law Judge ("ALJ"). The ALJ denied Plaintiff's applications on March 26, 2012. The Appeals Council denied her request for review on May 17, 2013, making the ALJ's decision the final decision for purposes of review. Plaintiff filed her Complaint for judicial review pursuant to 42 U.S.C. § 405(g) on July 16, 2013.

On July 17, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the court reverse the final decision of the defendant, Carolyn W. Colvin, Acting Commissioner of Social Security, because the ALJ failed to account for the Plaintiff's mild deficiencies in concentration, persistence, or pace in his hypothetical questions to the vocation expert ("VE"). The Commissioner objects. For the reasons explained below, the court **OVERRULES** the objections and **ADOPTS** the Report and Recommendation as the Order of the court.

## I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ engaged in a five-step analysis as set forth under 20 C.F.R. § 404.1520(a). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period of her alleged onset date of May 1, 2005, through her date last insured of December 31, 2009. At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: obesity, asthma, and fibromyalgia. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals any impairment in the Listing of Impairments through the date last insured.

Before considering step four, the ALJ considers the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e)). The ALJ found that, through the date last insured, Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following limitations:

> She can walk continuously for 10 minutes at a time and can stand continuously for 15 minutes at one time. She must avoid all exposure to extreme cold and extreme heat, must avoid concentrated exposure to humidity, and must avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, etc.

(Filing No. 11-2 at 26-27). Finally, at step four, the ALJ determined that, through the date last insured, Plaintiff was capable of performing her past relevant work as a medical transcriptionist as it is generally performed. The ALJ therefore found that Plaintiff was not disabled.

## II.  Standard of Review

The court reviews the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart*, 384 F.3d 363, 368-69 (7th Cir. 2004) (citing *Lopez v. Barnhart*, 336 F.3d. 535, 539 (7th Cir. 2003)). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (citation omitted). The scope of the court's review is confined to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to a magistrate judge's report and recommendation, the district court reviews each objection *de novo*; in other words, the district court determines anew whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. FED. R. CIV. PRO. 72(b). Upon review of the record and the parties' submissions, the district court makes

the ultimate decision to adopt, reject, or modify the report and recommendation. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

**III. Discussion**

The present objection concerns the Magistrate Judge's recommendation to reverse the ALJ because he failed to account for her mild limitations in concentration, persistence or pace in the hypotheticals he posed to the VE. The Commissioner argues "the Magistrate Judge concedes that Plaintiff 'did not cite to any medical evidence to support a limitation in concentration, persistence, or pace,' and he does not find that any such evidence exists." Thus, the Commissioner argues, the Magistrate Judge's recommendation to reverse the ALJ is in error.

Seventh Circuit precedent requires an "ALJ to orient the VE to the totality of a claimant's limitations" that are supported by medical evidence in the record, including limitations in concentration, persistence, or pace. *O-Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010); *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009). "[T]he most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical." *O'Connor-Spinner*, 627 F.3d at 619. There are two exceptions to this rule. First, an ALJ is not independently required to account for limitations in concentration in his hypothetical when the record indicates that the VE "'independently learned of the limitations (through other questioning at the hearing or outside review of the medical records, for example) and presumably accounted for them.'" *Similia v. Astrue*, 573 F.3d 503, 521 (7th Cir. 2009) (quoting *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002)). Second, an ALJ need not explicitly use the

4

terms "concentration, persistence, or pace" from a hypothetical if it is implicit in the hypothetical that such a limitation exists. *O'Connor-Spinner*, 627 F.3d at 619.

The court's independent review of the transcript of Plaintiff's hearing indicates that, while the ALJ posed numerous hypotheticals to the VE in this case regarding Plaintiff's physical limitations resulting from, for example, her asthma, none of the hypotheticals included, either explicitly or implicitly, mild limitations in concentration, persistence, and pace. Moreover, the record does not indicate that the VE learned of this mild limitation by listening to the testimony presented prior to hers, or from a review of Plaintiff's medical records. Thus, to the extent there is medical evidence in the record establishing that Plaintiff suffered from such mild limitations, the ALJ was required to include that in his hypothetical. Whether there was medical evidence in the record is at the heart of the parties' dispute.

> The ALJ found at step three:
>
> The claimant's medically determinable mental impairments of Depression, considered singly and in combination, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and were therefore nonsevere.
>
> In making this finding . . . the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders . . . .
>
> The third functional area is concentration, persistence and pace. In this area, the claimant had mild limitation. The claimant worked as a medical transcriptionist for many years. She reported that she can usually follow spoken instructions well. She watches television, reads and watches movies (Ex. 6F:8). She manages her own finances (Ex. 6F:8). In the psychological evaluation, her memory was largely intact, and she was able to complete simple calculations.

5

(Filing No. 11-2 at 24-25).

Exhibit E, cited in the ALJ's Findings of Fact and Conclusions of Law at pages 24-25, is a psychological report performed by Dr. J. Mark Dobbs, who performed a mental status examination of the Plaintiff on January 7, 2009, well within the relevant period of inquiry. (Filing No. 12-2 at 341-38). The Magistrate Judge's finding that the ALJ failed to present evidence of Plaintiff's mild difficulties within the period of inquiry[1] was therefore, in error. The Commissioner's reliance on that finding was also in error.

Dr. Dobbs' examination included a "serial 7s" test, which required Plaintiff to count down from 100 in increments of 7 for one minute. Dr. Dobbs noted:

> She stopped after one minute and she made no errors. [Plaintiff] demonstrated an average ability for serial sevens and she appeared to have moderate difficulty concentrating on the task.

(Filing No. 12-2 at 345). Dr. Dobbs' clinical finding that Plaintiff had moderate difficulty concentrating on a task constitutes objective medical evidence supporting Plaintiff's claim of error. *See, e.g., Adkins v. Astrue*, 226 Fed.Appx. 600, 606 (7th Cir. 2007) (noting the ALJ relied upon psychological examinations to conclude the claimant "does not have a 'severe' emotional, mental, psychological, or psychiatric impairment as contemplated by the Social Security Act"); *Kotsilieris v. Shalala*, 858 F.Supp. 108, 112 (N.D. Ill. 1994) (holding the ALJ should have ordered a psychological examination of the claimant before determining that she retained the RFC to perform her past relevant

---

[1] The Magistrate Judge cited to evidence contained in the record of a Psychiatric Review Technique that noted Plaintiff's mild limitations in concentration, persistence and pace, dated March 25, 2011, were outside the date last insured (December 31, 2009). (*See* Filing No. 27 at 6 n.4).

work); *Johnson v. Bowen*, 648 F.Supp. 443, 449 (N.D. Ill. 1986) ("Generally, where the medical evidence in a case includes a diagnosis of a mental condition impacting on a person's ability to perform a wide range of particular work, a consultative psychological examination should be ordered by the ALJ.").

The ALJ's failure to account for those limitations in his hypothetical warrants remand. Plaintiff was previously employed in a job both parties agree is considered "skilled." Although a mild limitation will not ordinarily be preclusive of one's ability to work, the nature of Plaintiff's mild limitation could conceivably affect her ability to maintain skilled employment in today's economy.

Next, the Commissioner objects to the Magistrate Judge's finding that she waived the right to respond to this issue in her opening brief. (*See* Filing No. 27 at 8 n.6). The Commissioner argued that Plaintiff failed to point to any evidence to support a finding that she suffered from significantly limiting mental impairments such that the ALJ was required to include additional limitations in his RFC finding. (Filing No. 24 at 8-9). The Commissioner thus did not respond to Plaintiff's primary argument that the ALJ was required to include her mild limitations in concentration, persistence, and pace. Moreover, contrary to the Commissioner's argument, the requirement to ask a VE a hypothetical regarding a claimant's mild limitations in these areas is not contingent on a finding that the claimant in question has a severe mental impairment. *Hovi v. Colvin*, No. 12-c-169, 2013 WL 3989232, at *16 (W.D. Wis. Aug. 2, 2013) ("Inclusion of such limitations is particularly important when the ALJ considers the claimant's ability to perform past semi-skilled or skilled work, as even mild limitations may preclude such

work."); *Baker v. Astrue*, No. 4:10-cv-66-TWP-WGH, 2011 WL 3585613, at *6 (S.D. Ind. Aug. 15, 2011). Accordingly, the Magistrate Judge's finding of waiver was not in error.

The parties raised no other objections. The court therefore **ADOPTS** the Report and Recommendation in its totality as its own. *See Schur*, 577 F.3d at 760 ("If no party objects to the magistrate judge's action, the district judge may simply accept it.").

## IV. Conclusion

For the reasons set forth above, the court **OVERRULES** the Commissioner's objections and **ADOPTS** the Report and Recommendation as the Order of the court.


**SO ORDERED** this 27th day of August 2014.

    _____
    RICHARD L. YOUNG, CHIEF JUDGE
    United States District Court
    Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.